Jimmie GULLEY, Jr., Plaintiff–Appellant,

v.

Kwame KILPATRICK, et al., Defendants–Appellees.

Nos. 03–1807, 03–1813, 03–1815, 03–1817.

United States Court of Appeals, Sixth Circuit.

Jan. 23, 2004.

Jimmie Gulley, Jr., pro se, Detroit, MI, for Plaintiff–Appellant.

John A. Schapka, Sheri L. Whyte, City of Detroit Law Department, Detroit, MI, for Defendants–Appellees.

Before SUHRHEINRICH and CLAY, Circuit Judges; and GWIN, District Judge.*

## ORDER

This pro se Michigan litigant appeals a district court judgment dismissing his cause of action pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). These cases have been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously

---

* The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking over two million dollars in damages, Jimmie Gulley, Jr., sued the Mayor of the City of Detroit, Michigan (Kwame M. Kilpatrick), the Interim Executive Director of the Detroit Housing Commission, the Manager of Resident Selection for the Detroit Housing Commission, and an employee of the United States Department of Housing and Urban Development. Gulley claimed that his apartment unit is polluted, and he suffers from various illnesses he developed as a result of the pollution. Gulley did not, however, identify any specific state or federal law that was violated with respect to his claim. Defendant Kwame Kilpatrick is the only defendant over whom the district court had personal jurisdiction.

Defendant Kilpatrick moved the district court to dismiss Gulley's complaint pursuant to Fed.R.Civ.P. 12(b)(6). The district court found that Gulley's complaint lacked any basis in either law or fact, dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), and denied Kilpatrick's motion as moot. Gulley appeals that judgment. He filed four notices of appeal—one for each defendant. We ordered the four appeals consolidated for purposes of briefing and submission.

This court reviews de novo a judgment dismissing a suit as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). A suit may be dismissed as frivolous when the plaintiff does not present any claim with an arguable or rational basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Claims that lack an arguable or rational basis in law include claims for which the defendants are clearly entitled to immunity and claims of in-

fringement of a legal interest which clearly does not exist. *Id.*

Upon review, we conclude that the district court properly dismissed Gulley's complaint as frivolous. Gulley merely contends that he developed illnesses from alleged pollutants present in his apartment. The complaint fails to link the alleged pollutants to either his alleged illnesses, or defendant Kilpatrick's conduct. Thus, the complaint lacks any basis in either law or fact because Gulley failed to present any legal theory upon which his case may proceed. *See Neitzke*, 490 U.S. at 325.

Accordingly, we hereby affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit, for the reasons set forth in the district court's order of May 23, 2003.